UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Tou Vang, | Case No. 24-CV-2690-DSD-EMB |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jared Rardin, | |
| Respondent. | |

---

Under the First Step Act of 2018 ("FSA"), most federal prisoners who participate in "evidence-based recidivism reduction programming or productive activities," 18 U.S.C. § 3632(d)(4), may earn time credits that can then be applied towards shortening their sentence. Some federal prisoners, however, are excluded by the FSA from earning and applying time credits. Among these are prisoners serving a sentence for a conviction under 18 U.S.C. § 924(c), which "relat[es] to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii).

Petitioner Tou Vang pleaded guilty to violation of § 924(c) in the United States District Court for the Eastern District of Wisconsin. *See* Amended Judgment ("Am. J.") at 1, United States v. Vang ("Vang"), No. 1:19-CR-0022-WCG, (E.D. Wis. July 9, 2019), Dkt. No. 24. He was sentenced to a 60-month term of imprisonment for that offense. *See id.* at 2.

1

As part of the same prosecution, Vang also pleaded guilty to violation of 18 U.S.C. § 841(b)(1)(A), a drug-trafficking crime. *See* Am. J. at 1, *Vang*, No. 1:19-CR-0022-WCG, Dkt. No. 24. He was sentenced to a 120-month term of imprisonment for that offense. *See id.* at 2.

Section 924(c) requires that a sentence imposed under that provision be consecutive to the punishment provided for the underlying crime of violence or drug-trafficking crime. 18 U.S.C. § 924(c)(1)(D)(ii). The sentencing court therefore imposed Vang's 60-month and 120-month sentences to run consecutively, for a total 180-month total term of imprisonment. *See* Am. J. at 2, *Vang*, No. 1:19-CR-0022-WCG, Dkt. No. 24.

During his incarceration, Vang has participated in "evidence-based recidivism reduction programming or productive activities" within the meaning of the FSA. *See* 18 U.S.C. § 3632(d)(4)(A).

But the Federal Bureau of Prisons ("BOP") has refused to allow Vang to apply FSA time credits towards his sentence. In the BOP's view, Vang's conviction under § 924(c) is disqualifying. *See* Resp. Br. at 1 (Dkt. No. 12).

Vang disagrees. In the petition for a writ of habeas corpus now before the Court, Vang first argues that the FSA's categorical exclusion of every prisoner convicted under § 924(c) amounts to a violation of his due-process rights, and he asks this Court to declare the categorical exclusion invalid.[1] *See* Pet. at 7–8 (Dkt.

---

[1] At the time that he filed and served the habeas petition now before the Court, Vang was serving his sentence at the Federal Medical Center in Rochester, Minnesota. This Court therefore had jurisdiction over his petition. 28 U.S.C.

No. 1). Vang points out that § 3632(d)(4)(A) uses mandatory language—prisoners "shall" earn time credits upon participating in evidence-based recidivism reduction programming or productive activities. *See* Pet'rs Mem. at 3 (Dkt. No. 2). Vang argues that this mandatory language creates a protected liberty interest in FSA time credits that can only be taken away in a manner consistent with the due-process guarantees of the federal constitution. *Id*.

There are two problems with Vang's argument.

First, the opportunity to earn FSA time credits is likely not a protected liberty interest. *See Fiorito v. Fikes*, No. 22-CV-0749-PJS-TNL, 2022 WL 16699472, at *5–6 (D. Minn. Nov. 3, 2022) (citing cases). In *Fiorito*, the petitioner claimed that he was deprived of due-process protections when he was placed in the Special Housing Unit ("SHU") of his prison, which prevented him from participating in recidivism-reduction programming and thereby earning FSA time credits. *Id*. at *1, *4. The Court denied the claim, holding that "because the opportunity to earn [FSA time credits] is not a protected liberty interest, [petitioner] was not entitled to due process before he lost that opportunity." *Id*. at *6. Here, likewise, Vang likely had no protected liberty interest in the opportunity to earn FSA time credits. He therefore cannot claim that any due-process rights were violated.

Second, even if the FSA did create a protected liberty interest in the opportunity to earn time credits under that statute, that protected liberty interest is

---

§ 2241(d). Vang has since been transferred to the Federal Prison Camp in Yankton, South Dakota. His subsequent transfer to South Dakota does not deprive the Court of jurisdiction over his petition. *See Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981).

3

expressly *not* extended to "ineligible prisoner[s] under [§ 3632(d)(4)(D)]." 18 U.S.C. § 3632(d)(4)(A). As explained above, Vang was convicted of an offense that § 3632(d)(4)(D) plainly lists as disqualifying. Because Vang is ineligible to earn FSA time credits under these circumstances, there simply was no opportunity to earn such credits, and thus no opportunity that he "lost." In other words, unlike in *Fiorito*, where the petitioner was *eligible* to earn FSA time credits but was unable to do so after being placed in SHU, see 2022 WL 16699472, at *1, *6, Vang was *never* eligible to earn FSA time credits. He cannot complain that he was denied due process before losing an opportunity for which he was ineligible in the first place.

Vang alternatively argues that even if the categorical exclusion is valid, his sentence was imposed for *two* offenses, only one of which is excluded under the FSA. *See* Pet. at 3, 8. Specifically, Vang points out, only 60 months of his aggregate, 180-month sentence is attributable to the disqualifying gun offense under § 924(c); the remaining 120 months are attributable to a drug offense that, taken alone, would not have disqualified Vang from earning or applying FSA time credits. *See* Pet'rs Mem. at 4–5. Vang contends that, at a minimum, he should be eligible to apply FSA time credits toward the 120-month portion of his overall 180-month sentence that is attributable to his drug offense. *Id.*

According to Vang, the BOP's refusal to apply FSA time credits toward the 120-month term of imprisonment imposed for the drug offense is the product of a BOP regulation interpretating the FSA. Specifically (in Vang's view), the regulation interprets the FSA as making ineligible any prisoner convicted of an offense listed

4

in § 3632(d)(4)(D), even if the prisoner is also serving time for another conviction. Pet'rs Mem. at 4–6. Vang believes the BOP's regulations to be an unreasonable interpretation of an ambiguous FSA, and he asks the Court to invalidate those regulations. *Id.*

Vang is correct that the FSA itself does not say what should happen when a prisoner is convicted of two or more offenses, only one of which is disqualifying. But other federal law unambiguously does.

Under 18 U.S.C. § 3584(c), "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Countless federal courts—including the United States Court of Appeals for the Eighth Circuit, albeit in unpublished decisions—have concluded that § 3584(c) addresses the question left unanswered by the FSA regarding what to do with prisoners convicted of multiple offenses. *See Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025) (per curiam) ("the BOP properly aggregated [petitioner's § 924(c) and RICO] convictions as a single sentence for purposes of FSA time credits."); *Clinkenbeard v. Murdock*, No. 24-3127, 2025 WL 926451, at *1 (8th Cir. Mar. 27, 2025) (per curiam) ("the BOP properly treated [petitioner's § 924(c) and drug-trafficking crime] prison terms as a single aggregate sentence . . . and therefore properly denied him FSA credits"); *Oiler v. LeMaster*, No. 24-5033, 2025 WL 1864875, at *1 (6th Cir. Jan. 10, 2025) (per curiam) (holding BOP properly aggregated sentences for § 924(c) and other, non-

disqualifying offenses and accordingly determined he was ineligible to receive FSA time credits).[2]

None of the cases cited by Vang takes a contrary view. *See* Pet'rs Mem. at 2. Instead, most of those cases concern whether the petitioner's single, non-§ 924(c) conviction made him ineligible to receive FSA time credits. *See Jones v. Garza*, No. 4:22-cv-00764-SL, 2023 WL 3354135, at *5–6 (N.D. Ohio Apr. 18, 2023); *Turner v. Keyes*, No. 22-cv-321-WRMC, 2022 WL 4094070, at *1 (W.D. Wisc. Sep. 7, 2022); *Noe v. True*, No. 1:19-cv-02148-DDD-STV, 2022 WL 5080196, at *10 (10th Cir. Oct. 5, 2022). That's different than Vang's case, because he has two convictions, one of which is for violation of § 924(c). Notably, in one of the cases Vang cites, this Court decided that regardless of whether the petitioner's non-§ 924(c) conviction qualified under the FSA, "his conviction under section 924(c) precludes him from earning time credits on his aggregated term of imprisonment." *Foos v. Eischen*, 2023 WL 2795860, at *3–4 (D. Minn. Mar. 14, 2023). That's consistent with the ample case law cited above stating that BOP acts properly when it treats a § 924(c) sentence and a sentence for an FSA-eligible offense as a single, aggregate sentence and denies FSA time credits accordingly.

---

[2] *See also Giovinco v. Pullen*, 118 F.4th 527, 531–32 (2d Cir. 2024) (holding BOP may treat multiple terms of imprisonment, only one of which rendered him ineligible for FSA time credits, as a single, aggregate term and thus deny him the credits); *Tyler v. Garrett*, No. 24-1147, 2024 WL 5205501, at *1 (8th Cir. Dec. 24, 2024) (per curiam) (same); *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024) (per curiam) (holding BOP may properly aggregate a foreign sentence for an FSA-disqualifying offense with a sentence for an FSA-qualifying sentence, treating them as a single term for which FSA time credits may be denied).

6

Thus, the fact that BOP regulations refuse to allow prisoners in Vang's position to apply FSA time credits toward any portion of their sentence is not a matter of the BOP resolving a statutory ambiguity under § 3643(d)(4)(D). Rather, the BOP is following what is required of it by federal law under § 3584(c). *See Clinkenbeard*, 2025 WL 926451, at *1. Under the latter statute, Vang's consecutive sentences must be treated as a single, aggregate term of imprisonment, not broken down into its component parts. And because Vang's sentence may not to be broken down by the BOP into its component parts, the BOP must treat Vang's conviction under § 924(c) as disqualifying him from applying FSA time credits towards any portion of his sentence.

Vang's third and final argument is that the BOP's policy of interpreting the FSA to permit aggregation of sentences violates the non-delegation doctrine. *See* Pet'rs Mem. at 10. This argument rests on the same faulty premise as Vang's second argument: that the BOP lacks statutory authority to aggregate sentences. But as explained above, § 3584(c) unambiguously prescribes that multiple sentences are to be treated as a single, aggregate term of imprisonment. 18 U.S.C. § 3584(c). BOP is simply following that law in aggregating the sentence here. Vang's argument that Congress did not delegate authority to the BOP to devise the aggregation policy thus fails.

In short, the BOP has acted in a manner consistent with federal law by refusing to apply FSA time credits towards any portion of Vang's sentence. Accordingly, Vang's habeas petition should be denied and this matter dismissed.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Tou Vang (Dkt. No. 1) be DENIED.

2. This case be DISMISSED.

Dated: September 22, 2025         *s Elsa M. Bullard*
                                   Elsa M. Bullard
                                   United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).